UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALI ALADELY, | ) |
| Plaintiff | ) |
| | ) NO. 3:07-1156 |
| v. | ) Judge Echols/Brown |
| | ) |
| UNITED STATES IMMIGRATION AND | ) |
| NATURALIZATION SERVICES, | ) |
| | ) |
| Defendants | ) |

TO: **The Honorable Robert L. Echols**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed as moot.

### I. Background

The Plaintiff filed a complaint in this matter on November 26, 2007, alleging that he had been denied a hearing on his naturalization petition by the United States Immigration and Naturalization Services (USCIS). The complaint does not specifically set forth the statutory basis for jurisdiction in this matter. A reading of the complaint filed *pro se*, however, indicates that after some initial difficulty with the English language test, the Plaintiff was scheduled for a naturalization interview on August 1, 2006. He states that on that date he had an accident and that he advised the USCIS office of what occurred. He states that they told him that he would be rescheduled for a second interview. He states that on August 3, 2006, he received a letter

from the USCIS telling him that his case had been denied because he did not appear on the date of the interview, some two days earlier.

He contends that this is in contrast to the statement made by the USCIS agent on August 2, 2006, that he would be rescheduled for an interview. He therefore requests, as relief, assistance with rescheduling him for another interview.[1]

The USCIShas filed a motion to dismiss this complaint as moot (Docket Entry 4). In their memorandum in support of this motion (Docket Entry 5), the USCIS states the only relief the Plaintiff seeks is "a much needed assistance to let the Defendant reschedule me with another interview." The motion recites that by letter dated December 27, 2007, the USCIS has notified the Plaintiff that he has been rescheduled for another naturalization interview on Thursday, January 17, 2008. They argue that because he has been granted the relief he seeks, there is no longer a live controversy before this Court, citing *Ford v. Weildler*, 469 F.3d 500, 504 (6th Cir. 2006).

As a footnote, the Defendant also points out that the Plaintiff, although filing his case in the Middle District of Tennessee, issued a summons through the United States Attorney for the Western District of Tennessee, and they point out that service

---

[1] The letter was likely sent before the Plaintiff talked with the USCIS representative. Had the USCIS employee followed up his conversation with a letter, this entire proceeding would have been avoided.

of process on the Defendant is therefore insufficient. The Plaintiff has not responded to this motion to dismiss.

## II. Legal Discussion

Leaving aside the issue of the service of process since the USCIS has, in fact, appeared and filed a motion to dismiss in this matter, the Magistrate Judge nevertheless believes that the motion is well-taken and should be granted.

As an initial matter the Plaintiff has not responded to this motion, although a response was due on January 14, 2008. Under the Local Rules, failure to respond to a motion can be taken as meaning that the Plaintiff has no objection to the motion.

Additionally, the Magistrate Judge is unsure of the exact statutory basis upon which the Plaintiff has invoked the jurisdiction of the federal court. It would appear that he may well have failed to exhaust certain administrative remedies with USCIS.

Regardless of procedural defects, USCIS's motion is well-taken. The Plaintiff has now been granted the only relief he sought and there does not appear to be at this point a live case for controversy and, accordingly, this case should be dismissed as moot. *Ford v. Weilder*, 469 F.3d 50 (6th Cir. 2006).

## III. Recommendations

For the reasons stated above, the Magistrate Judge recommends that the Plaintiff's case be dismissed as moot.

3

Under Rule 72(b) of the Federal rules of civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 17th day of January, 2008.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge